IN THE COURT OF APPEALS OF NORTH CAROLINA

2021-NCCOA-404

No. COA20-491

Filed 3 August 2021

Forsyth County, Nos. 17 CRS 55585-92

STATE OF NORTH CAROLINA

v.

GABRIEL LYNN BURNS

Appeal by Defendant from judgment entered 25 January 2019 by Judge Eric C. Morgan in Forsyth County Superior Court. Heard in the Court of Appeals 8 June 2021.

*Attorney General Joshua H. Stein, by Assistant Attorney General Amber I. Davis, for the State.*

*Michael E. Casterline, for Defendant-Appellant.*

WOOD, Judge.

¶ 1        On January 25, 2019, a Forsyth County jury convicted Gabriel Burns ("Defendant") of four charges of statutory sex offense with a child under thirteen by an adult and sixteen charges of indecent liberties with a minor. On appeal, Defendant contends there is insufficient evidence to support his convictions for statutory sex offense because there was no evidence of penetration. After careful review, we find no error.

## I.   Background

Ms. B is the mother of two daughters.  Ms. B began dating Defendant in the summer of 2016, when Hannah,[1] Ms. B's youngest child, was eight years old.  By October 2016, Ms. B and Hannah were living with Defendant in his house.  At the time, Defendant worked as a mechanic and Ms. B was unemployed.

Prior to moving into Defendant's home with Ms. B and Defendant, Hannah lived with Ms. L, her maternal grandmother, and attended Kimmel Farms Elementary School in Winston Salem.  After moving into Defendant's home, Hannah was no longer in the school zone for Kimmel Farms Elementary School.  In order to keep Hannah in the same school, Ms. B arranged for Defendant to drive Hannah from his home to Ms. L's house each morning on his way to work so Hannah could ride the school bus to Kimmel Farms Elementary School.  Defendant also picked Hannah up from Ms. L's house about three evenings per week to take her back to his house.

At first, Defendant dropped Hannah off at Ms. L's house each morning and she went inside to wait for the bus.  After approximately a month, Defendant began parking his car outside Ms. L's home and keeping Hannah in the car with him until the bus arrived.  Defendant parked in front of Ms. L's house, in a spot where his car

---

[1] *See* N.C. R. App. P. 42(b) (pseudonyms are used to protect the identity of the juveniles).

could be seen from inside Ms. L's house. After some time of doing this, Defendant started parking in a spot where it was more difficult to see his car from inside Ms. L's home.

Following Hannah's move to Defendant's home, her behavior began to change. Hannah started having difficulty going to sleep, and Ms. B had to call Ms. L to calm Hannah down. On March 9, 2017, Hannah told Ms. L that Defendant had been touching her "down there" in the car on the way to and from Ms. L's house. Hannah told Ms. L she could "take it no more." She alleged Defendant was also touching her at his house when Ms. B was not in the room.

Ms. L took Hannah to the Department of Social Services, where they spoke to a social worker. Later that evening, at the request of the social worker, Ms. L took Hannah to a local hospital where she received a sexual assault examination. That same night, Defendant agreed to allow hospital personnel to collect evidence for a sexual assault kit from him. He also allowed police to examine his minivan.

On April 12, 2017, Hannah received a child medical examination. A recorded forensic interview was also conducted with her that day. Defendant agreed to be interviewed by police on May 25, 2017. On June 2, 2017, another recorded interview with Hannah was conducted by a police detective to ensure the detective "understood everything in order, and the dates, and times, and locations" of the alleged assaults because "how [Hannah] was touched . . . had already been covered." Defendant was

arrested on June 15, 2017. On September 25, 2017, Defendant was indicted on four charges of statutory sex offense with a child under thirteen by an adult and sixteen charges of indecent liberties with a minor. His trial in the Forsyth County Superior Court lasted from January 14, 2019, until January 25, 2019.

¶ 8 During the State's evidence, an eleven-year-old Hannah testified that, for months, beginning when she was eight years old, Defendant rubbed his fingers "in circles" on her vagina and was "messing" with her by touching her vagina both in his car and at his home. When asked at trial about where Defendant was placing his fingers, Hannah testified it was on her vagina "where I wipe at" and Defendant rubbed his fingers on the "place where I pee." Hannah also clarified that nothing had ever gone "inside" her vagina.

¶ 9 After the State rested, Defendant's attorney moved to dismiss the charges. The trial court denied the motion. Defendant testified and denied that the allegations Hannah made against him were true, specifically denying that he touched Hannah inappropriately.

¶ 10 The jury convicted Defendant of all charges on January 25, 2019. Defendant gave oral notice of appeal in open court.

## II. Discussion

¶ 11 In his sole argument on appeal, Defendant contends there was insufficient evidence to support his convictions for statutory sex offense because the State failed

to present sufficient evidence of penetration. We disagree.

¶ 12    We review whether the State presented evidence sufficient to survive a motion to dismiss *de novo*. *State v. Bagley*, 183 N.C. App. 514, 523, 644 S.E.2d 615, 621 (2007). "Under a *de novo* review, [this] [C]ourt considers the matter anew and freely substitutes its own judgment for that of the lower tribunal." *State v. Williams*, 362 N.C. 628, 632, 669 S.E.2d 290, 294 (2008) (internal quotation marks omitted). "When determining the sufficiency of the evidence to support a charged offense, [this Court] must view the evidence 'in the light most favorable to the State, giving the State the benefit of all reasonable inferences.' " *State v. Trull*, 349 N.C. 428, 447, 509 S.E.2d 178, 191 (1998) (quoting *State v. Benson*, 331 N.C. 537, 544, 417 S.E.2d 756, 761 (1992)). Furthermore, "[a] defendant's motion to dismiss must be denied if the evidence considered in the light most favorable to the State permits a rational jury to find beyond a reasonable doubt the existence of each element of the charged crime and that defendant was the perpetrator." *State v. Campbell*, 359 N.C. 644, 681, 617 S.E.2d 1, 56 (2005) (quoting *Trull*, 349 N.C. at 447, 509 S.E.2d at 191).

¶ 13    "On a defendant's motion for dismissal on the ground of insufficiency of the evidence, the trial court must determine only whether there is substantial evidence of each essential element of the offense charged and of the defendant being the perpetrator of the offense." *State v. Crawford*, 344 N.C. 65, 73, 472 S.E.2d 920, 925, (1996). "Substantial evidence is relevant evidence that a reasonable mind might

accept as adequate to support a conclusion." *Id.*

¶ 14    Under N.C. Gen. Stat. § 14-27.28(a), "[a] person is guilty of statutory sexual offense with a child by an adult if the person is at least 18 years of age and engages in a sexual act with a victim who is a child under the age of 13 years." N.C. Gen. Stat. § 14-27.28(a) (2021). In North Carolina, a sexual act is defined, *inter alia*, by "the penetration, however slight, by any object into the genital or anal opening of another person's body." N.C. Gen. Stat. § 14-27.20(4) (2021).

¶ 15    In the present appeal, Defendant concedes he is an adult over the age of eighteen, and Hannah was between eight and nine years old when the alleged sexual contact occurred. Therefore, the only element in dispute is the element of penetration. *See* N.C. Gen. Stat. § 14-27.28(a); *see also* N.C. Gen. Stat. § 14-27.20(4).

¶ 16    This Court addressed the penetration element of our first-degree sexual offense charge in *State v. Bellamy*, 172 N.C. App. 649, 617 S.E.2d 81 (2005). In *Bellamy*, while committing an armed robbery of a fast-food restaurant, the defendant held a woman at gunpoint and forced her to remove her pants and underwear. *Bellamy*, 172 N.C. App. at 654, 617 S.E.2d at 86. The defendant then ordered his victim to spread her labia apart so that he could touch and separate it further with the barrel of his gun. *Id.* Though the defendant had no further sexual contact with the victim, this Court affirmed the defendant's conviction, reasoning that there was no rationale for deviating from its precedent that penetrating a victim's labia constitutes a sexual act

sufficient to establish the penetration element of the first-degree sexual offense charge. *Id*. at 658, 617 S.E.2d at 88.

¶ 17 Here, while there is no evidence Defendant inserted his fingers into Hannah's vagina, there is sufficient evidence he penetrated her labia by rubbing his fingers in circles on her vulva. Specifically, Hannah confirmed that though Defendant's fingers did not go "inside" her vagina, his fingers did touch "on my vagina where I wipe at" and "on the place where I pee." The small opening where a female urinates is her urethral opening, which is located within the labia minora, below the clitoris and above the vaginal opening.[2] Accordingly, in order to touch the urethral opening from which a female urinates, the labia majora and labia minora almost certainly have to be entered like that of the victim's in *Bellamy*. Thus, in order for Defendant's fingers to have touched Hannah's urethral opening, his fingers had to have been within Hannah's labia.

¶ 18 This Court has concluded that a victim's testimony of being touched in between the labia is sufficient evidence to survive a motion to dismiss by the defendant. For example, in *State v. Corbett*, the defendant contended on appeal the State provided no evidence of penetration constituting a sexual act as defined by N.C. Gen. Stat. §

---

[2] The urethral opening is the "external opening of the transport tube that leads from the bladder to discharge urine outside the body in a female." The opening "of the female urethra is below the clitoris and just above the opening of the vagina." https://www.medicinenet.com/female_urethral_opening/definition.htm.

14-27.20(4), despite the victim's testimony that she was touched "in between the labia" by the defendant. 264 N.C. App. 93, 96, 824 S.E.2d 875, 879 (2019). In that case, this Court held the victim's testimony, when viewed in the light most favorable to the State, was sufficient so that reasonable jurors could have determined that it constituted substantial evidence to establish the element of penetration in the offense charged. *Id.* at 99, 824 S.E.2d at 879. In doing so, we reasoned that since evidence of penetrating the labia is sufficient to establish the element of penetration in a sexual act, the victim's testimony she was touched "in between the labia" was sufficient to establish the element in the defendant's rape charge. *Id.* at 98-99, 824 S.E.2d at 878-79 (citing *Bellamy*, 172 N.C. App. at 658, 617 S.E.2d at 88).

¶ 19        Here, the State's evidence consisted of testimony from Hannah, Ms. L, Hannah's uncle, and Hannah's therapist. The State's witnesses all testified Defendant touched Hannah "in [her] vagina," "down there," and "in her private areas," and had his hands "inside [Hannah's] panties, rubbing up and down." The State, in the present appeal, presented sufficient evidence by offering the victim's testimony that she was touched by Defendant and corroborating testimony from Ms. L, Hannah's uncle, and Hannah's therapist who she confided in regarding the abuse. *See Corbett*, 264 N.C. App. at 99, 824 S.E.2d at 879 (finding that victim testimony, alone, is sufficient evidence of the element of penetration). Thus, we hold the State presented substantial evidence supporting the element of penetration from which

reasonable jurors could have concluded Defendant committed first-degree sex offense.

Accordingly, we find no error.

NO ERROR.

Chief Judge STROUD and Judge COLLINS concur.